O

# United States District Court
# Central District of California

SEOUL VIOSYS CO. LTD.,

    Plaintiff,

v.

FEIT ELECTRIC CO., INC.,

    Defendant.

Case № 2:24-cv-04238-ODW (AJRx)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [27]**

## I. INTRODUCTION

Before the Court is Defendant Feit Electric Co., Inc.'s Motion to Dismiss Plaintiff Seoul Viosys Co. Ltd.'s willful patent infringement claims for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Mot. Dismiss ("Motion" or "Mot."), ECF No. 27.) The motion is fully briefed. (Opp'n, ECF No. 40; Reply, ECF No. 41.) For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND[2]

Seoul Viosys Co. Ltd. ("Seoul Viosys") designs, manufactures, and sells light emitting diodes ("LEDs"). (Compl. ¶¶ 1–2, ECF No. 1.) Seoul Viosys owns the right, title, and interest in United States Patent Nos. 11,879,602 (the "'602 Patent"), 9,837,387 (the "'387 Patent"), 10,163,975 (the "'975 Patent"), 9,269,871 (the "'871 Patent"), 9,929,314 (the "'314 Patent"), and 7,982,207 (the "'207 Patent") (collectively, the "Asserted Patents"). (*Id*. ¶¶ 6–11.) Feit Electric Co. Inc. ("Feit") sold EcoSmart white filament products that infringed on the Asserted Patents. (*Id*. ¶¶ 12–16.) Between July 2023 and May 2024, Seoul Viosys sent five warning letters to Feit regarding the infringement. (*Id*.)

On July 21, 2023, Seoul Viosys sent its first warning letter ("July Letter") to Home Depot. (*Id*. ¶ 12.) Seoul Viosys believed "that Home Depot may have shared this warning letter with [it's supplier,] Feit, thereby putting Feit on notice" of the infringement. (*Id*.) On November 8, 2023, Seoul Viosys sent a warning letter ("November Letter") directly to Feit's counsel, listing the infringing product and patents numbers, and asking "Feit to confirm that it would stop selling products that infringe Seoul [Viosys's] patents." (*Id*. ¶ 13.) Thereafter, on January 23, 2024 ("January Letter"), and February 20, 2024 ("February Letter"), Seoul Viosys sent follow-up letters to Feit. (*Id*. ¶¶ 14–15.) On May 13, 2024, Seoul Viosys sent its final letter ("May Letter") adding new infringement claims concerning the '604 Patent and '871 Patent. (*Id*. ¶ 16.) Seoul Viosys "never received any response to this" or the other four letters. (*Id*.)

On May 21, 2024, Seoul Viosys initiated the instant patent infringement action against Feit. (*See id*.) Seoul Viosys asserts six claims for patent infringement and seeks treble damages for willful infringement under 35 U.S.C. § 284. (*Id*. ¶¶ 17–71,

---

[2] All factual references derive from the Complaint and well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Prayer for Relief D.) Feit moves to dismiss Seoul Viosys's willful infringement claims. (Mot.)

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly

denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV. DISCUSSION

Under 35 U.S.C. § 284, a court may, upon finding patent infringement, "increase the damages up to three times the amount found or assessed." Such punishment is generally "reserved for egregious cases typified by willful misconduct." *Halo Elecs., Inc. v. Pulse Elecs. Inc.*, 579 U.S. 93, 106 (2016). "To prove a willful infringement claim, a jury must find that the defendant had pre-suit knowledge of the patent-in-suit and that the defendant infringed deliberately or intentionally." *BSD Crown, Ltd. v. Amazon.com, Inc.*, 684 F. Supp. 3d 993, 998 (N.D. Cal. 2023).

While the pleading standard for willful infringement is not well defined, "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016). To plead a claim for willful infringement, a plaintiff must plead facts showing that a defendant (1) "knew of the asserted patent" and (2) "knew or should have known of its infringement of that patent." *Entropic Commc'ns, LLC v. Comcast Corp.*, 702 F. Supp. 3d 954, 965 (C.D. Cal. 2023). Allegations must "raise a plausible inference that the defendant had the specific intent to infringe." *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 644 (N.D. Cal. 2022); *see also Halo Elecs.*, 579 U.S. at 105 ("The subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages."). Subjective willfulness is shown "by proof that the defendant acted despite a risk of infringement that was either known or so obvious that it should have been known to the accused infringer." *RJ Tech., LLC v. Apple, Inc.*, No. 8:22-cv-01874-JVS (JDEx), 2023 WL 3432237, at *8 (C.D. Cal. Mar. 23, 2023) (quoting *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017)).

What remains unclear, however, is whether a plaintiff must plead egregious conduct. The Supreme Court described the types of conduct warranting enhanced

damages to be "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs.*, 579 U.S. at 103–04. Some district courts, post-*Halo*, require a plaintiff to plead facts showing egregious conduct to survive a motion to dismiss a willful infringement claim. *See e.g. Document Sec. Sys. Inc. v. Nichia Corp.*, No. 2:19-cv-08172-JVS (JEMx), 2020 WL 3881623, at *4 (C.D. Cal. Mar. 4, 2020) (collecting case). However, the Federal Circuit clarified that the language in *Halo* refers to "'conduct warranting enhanced damages,' not conduct warranting a finding of willfulness," and is not "inten[ded] to create a heightened requirement for willful infringement." *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021). Whether a patent infringer's conduct is sufficiently egregious to warrant enhanced damages is a question for the court to address *after* the jury makes an affirmative finding of willfulness. *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020). It stands to reason that "once willfulness is adequately pled, the complaint need *not* go further and specify the further aggravating circumstances warranting enhanced damages." *Sonos*, 591 F. Supp. 3d at 644 (emphasis in original); *see also Microsoft Corp. v. MediaPointe, Inc.*, No. 2:22-cv-01009-MCS (MRWx), 2022 WL 19263332, at *2 (C.D. Cal. Dec. 15, 2022) ("The standard for willfulness . . . does not require allegations of 'wanton, malicious, and bad-faith' behavior."); *Eko Brands*, 946 F.3d at 1378 ("Under *Halo*, the concept of 'willfulness' requires a jury to find no more than deliberate or intentional infringement."); *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987 (Fed. Cir. 2021) ("To establish willfulness, the patentee must show the accused infringer had a specific intent to infringe at the time of the challenged conduct.").[3]

Feit argues that Seoul Viosys's allegations of the warning letters fail to show Feit had pre-suit knowledge of its infringement. (Mot. 7–8.) "When a patentee relies

---

[3] As the standard for willfulness requires only that the infringer acted with specific intent and does not require facts showing egregious behavior, the Court declines to address Feit's argument that Seoul Viosys fails to allege egregiousness. (Mot. 5–7.)

on a letter to support a willful infringement claim, the letter must communicate a charge of infringement of *specific* patents by a *specific* product or group of products." *Entropic Commc'ns*, 702 F. Supp. 3d at 965 (quoting *Funai Elec. Co. v. Daewoo Elecs. Corp.*, 616 F.3d 1357, 1373 (Fed. Cir. 2010)) (cleaned up) (emphasis added).

The Court finds allegations of Feit's pre-suit knowledge based on the July Letter, January Letter, and February Letter to be without merit. First, Seoul Viosys sent the July Letter to Home Depot, not Feit. (Compl. ¶ 12.) Seoul Viosys alleges only that "Home Depot *may have* shared this warning letter with Feit." (*Id.* (emphasis added).) Without any allegations that Feit received this letter, the July Letter cannot plausibly impute knowledge to Feit. Second, Seoul Viosys fails to allege that the January Letter identified any Asserted Patents. (*See id.* ¶ 14–15.) Similarly, the February Letter does not list any specific infringing products—Seoul Viosys alleges only that it "referenced" prior letters and included "a claim chart illustrating examples of infringement by Feit of Seoul [Viosys's] '314 Patent." (*Id.* ¶ 15.) It is unclear whether the claim chart identified any specific accused product. The January Letter and February Letter cannot plausibly put Feit on notice of any patent infringement if the letters do not identify the infringed-upon patent and the accused product. *See Entropic Commc'ns*, 702 F. Supp. 3d at 965; *Parity Networks, LLC v. Moxa Inc.*, No. 8:20-cv-00698-JVS (KESx), 2020 WL 6064636, at *4–5 (C.D. Cal. Sept. 11, 2020) (finding letters that "did not explicitly mention the Asserted Patents" failed to demonstrate pre-suit knowledge for both induced infringement and willful infringement claims).

Conversely, Seoul Viosys adequately pleads Feit's pre-suit knowledge and intent to infringe the '387 Patent, '975 Patent, and '207 Patent. The November Letter explained "EcoSmart A19605CCTCA/WFIL/ECP was infringing Seoul Viosys's patents . . . , including the '387 Patent, the '975 Patent, and the '207 Patent." (Compl. ¶ 13.) Seoul Viosys alleges that Feit continued to infringe the '387 Patent, '975 Patent, and '207 Patent despite this knowledge. (*Id.* ¶¶ 33, 41, 70.) Thus, the November

Letter plausibly put Feit on notice of the alleged infringement as early as six months before Seoul Viosys filed the Complaint. The allegations, taken as true, raise a plausible inference that Feit, at a minimum, acted with subjective willfulness by continuing the conduct that it knew or should have known risked infringement of the '387 Patent, the '975 Patent, and the '207 Patent.

Seoul Viosys fails to adequately plead Feit willfully infringed the '602 Patent and '871 Patent. The May Letter identified that Feit's PAR38/RGBW/CA/AG(C) product infringed the '602 Patent and EcoSmart A19605CCTCA/WFIL/ECP infringed the '871 Patent. (*Id.* ¶ 16.) Relying on the May Letter, Seoul Viosys alleges Feit's continued infringement of the '602 Patent and '871 Patent is willful. (*Id.* ¶¶ 23, 50.) Feit argues the May Letter, sent eight days before Seoul Viosys filed this case, failed to give reasonable time for Feit to investigate the alleged infringement and thus does not support willful infringement. (Mot. 15.) In light of the allegations here, the Court agrees. "[R]easonable time must be allowed for the alleged infringer to evaluate the letter and to react." *Sonos*, 591 F. Supp. 3d at 644. Without facts other than the continued infringement itself, the short notice period here diminishes the likelihood of willfulness. *See Sonos*, 591 F. Supp. 3d at 644 ("The shorter the timespan allowed before suit, the less it can be said the patent owner had a 'good faith basis for alleging willful infringement.'"); *see e.g. DMF, Inc. v. AMP Plus, Inc.*, No. 2:18-cv-07090-CAS (GJSx), 2024 WL 1796396, at *18 (C.D. Cal. Apr. 25, 2024) (noting allegations that defendant "would not even attempt to analyze the validity or infringement" of the asserted patent during the short notice period may support a finding of willfulness). The allegations are thus insufficient to make a plausible inference that Feit acted with intent to infringe the '602 Patent and '871 Patent.

Accordingly, Seoul Viosys adequately pleads its willful infringement claims with respect to the '387 Patent, '975 Patent, and '207 Patent, but fails to adequately plead Feit's knowledge of the '314 Patent and intent to infringe the '602 Patent and '871 Patent.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART AND DENIES IN PART** Feit's Motion to Dismiss, (ECF No. 27). Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Seoul Viosys's willful infringement claims as to the '314 Patent, '602 Patent, and '871 Patent **WITH LEAVE TO AMEND**.

If Seoul Viosys chooses to amend, the First Amended Complaint is due no later than **twenty-one (21) days** from the date of this Order, in which case Feit shall answer or otherwise respond within **fourteen (14) days** of the filing. If Seoul Viosys does not timely amend, this dismissal shall be deemed a dismissal with prejudice as to the willful infringement claims related to the '314 Patent, '602 Patent, and '871 Patent.

**IT IS SO ORDERED.**

December 30, 2024

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**